Exhibit A

| | |
|---|---|
| DISTRICT COURT, COUNTY OF EL PASO, COLORADO<br>270 S. Tejon Street<br>Colorado Springs, CO 80903 | DATE FILED: January 4, 2024 10:58 AM<br>FILING ID: AA2D54E3D97EA<br>CASE NUMBER: 2024CV30015 |
| **Plaintiff: LATONIA SPURLOCK**<br><br>**Defendants: JOHN DOE and WALMART INC. d/b/a SAM'S CLUB, a Delaware corporation licensed to do business in the State of Colorado** | ▲ COURT USE ONLY ▲ |
| Attorney for Plaintiff:<br>Robert J. Anderson, P.C.<br>Robert J. Anderson, #10782<br>Scott F. Anderson, #44980<br>Timothy G. Buxton, #25346<br>217 East Fillmore Street<br>Colorado Springs, CO, 80907<br>Phone Number: (719) 473-3040<br>Fax Number: (719) 473-0138<br>Email: rja@lawrja.com; scott@lawrja.com; tim@lawrja.com | Case Number:<br><br>Div: Ctrm: |
| **COMPLAINT** | |

Plaintiff, Latonia Spurlock, by and through her attorneys of record, ROBERT J. ANDERSON, P.C., hereby Complains against Defendants, and states as follows:

**JURISDICTION AND VENUE**

1. Plaintiff Latonia Spurlock is a private individual, resident of El Paso County, Colorado, with a mailing address of 3405 Parkmoor Village Drive, #D, Colorado Springs, CO 80917.

2. John Doe is an unknown individual whose whereabouts are unknown. John Doe was an employee of Walmart Inc. d/b/a Sam's Club. It is believed John Doe is a resident of Colorado.

3. Defendant Walmart Inc. d/b/a Sam's Club, is a Delaware Corporation in good standing, with a principal address of 702 SW 8th Street, Bentonville, AR 72716. Their registered agent is CT Corporation System.

4. Upon information and belief, Defendant Walmart Inc. owns the Colorado Springs Sam's Club store number 6219 located at 1850 E. Woodmen Road, Colorado Springs, Colorado 80920.

5. This suit stems from an incident occurring in El Paso County, Colorado.

6. This Court has jurisdiction over the parties and subject matter and venue is proper in El Paso County.

**FIRST CAUSE OF ACTION**
**CLAIM UNDER COLORADO'S PREMISES LIABILITY ACT, C.R.S. § 13-21-115**

7. Paragraphs 1 through 6 are incorporated herein.

8. On April 2, 2022, Plaintiff was a customer at Defendant Walmart Inc. d/b/a Sam's Club, located at 1850 E. Woodmen Road, Colorado Springs, Colorado 80920.

9. Defendant Walmart Inc. d/b/a Sam's Club owned and operated the store located at 1850 E. Woodmen Road, Colorado Springs, Colorado 80920.

10. At the time of this incident, John Doe, an employee of Defendant Walmart Inc. d/b/a Sam's Club, was emptying a trash can at the entrance of the store. The lid of the trash can was placed on the floor so that it blocked a portion of the walkway into the store. This was placed such that it was difficult to see. This created a dangerous condition.

11. Plaintiff's left foot hit the lid of the trash can that was on the floor as she turned to enter the store. She became airborne and landed on the floor.

12. Defendants failed to exercise reasonable care and to protect against a known danger by failing to keep the walkways free from debris and other items.

13. C.R.S. § 13-21-115 applies to this action. Plaintiff is hereby alleging a violation of the duties owed under the Act that corresponds with the status of Plaintiff.

14. Defendant Walmart Inc. d/b/a Sam's Club are "landowners" as defined in C.R.S. § 13-21-115(1).

15. Plaintiff Spurlock was on Defendant Walmart Inc. d/b/a Sam's Club property as an "invitee" as that term is defined in section (5)(a) of C.R.S. § 13-21-115.

16. In the event Plaintiff is determined not to be an "invitee" as defined by C.R.S. § 13-21-115, Plaintiff still claims a violation of C.R.S. § 13-21-115 under whatever status Plaintiff is deemed to have, i.e. "invitee", "licensee", "trespasser".

17. Defendants actually knew about a danger on the property or, as a person using reasonable care, should have known about it.

18. Defendants failed to use reasonable care to protect against the danger on the property.

19. As a direct and proximate result of the Defendants' failure to use reasonable care to protect against the danger on its property, Plaintiff has sustained injuries including, but not limited to, neck pain, shoulder pain, arm pain, hand pain, hip pain, leg pain, right great toe pain, and concussion symptoms, resulting in mental and physical pain and suffering. Plaintiff has also incurred medical and other related expenses as a result of said injuries.

20. As a further proximate result of Defendants' failure to use reasonable care to protect against the danger on its property, Plaintiff has and will incur in the future physical and mental pain and suffering and loss of enjoyment of life; Plaintiff has and will continue to experience physical impairment; Plaintiff has incurred, and will continue to incur, medical expenses, as well as economic and non-economic loss.

**SECOND CAUSE OF ACTION**
**IN THE ALTERNATIVE, NEGLIGENCE**

21. Paragraphs 1 through 20 are incorporated herein.

22. In the event C.R.S. § 13-21-115 does not apply, Plaintiff pleads negligence in the alternative.

23. Defendants owed duties to Plaintiff to make the premises safe and/or warn of the dangerous condition on the premises.

24. Defendants negligently violated those duties.

25. Defendants' negligence is the cause of Plaintiff's injuries as stated in paragraphs 18 and 19.

26. As a result, Plaintiff sustained damages as set forth herein.

27. All conditions precedent have been met.

**THIRD CAUSE OF ACTION**
**RESPONDEAT SUPERIOR**

28. Paragraphs 1 through 27 are incorporated herein.

29. At the time of the accident, Defendant John Doe was an employee of Defendant Walmart Inc. d/b/a Sam's Club, and was acting in the scope of his employment at the time.

30. Defendant Walmart, Inc. d/b/a Sam's Club, is liable in this action due to being responsible for the actions of its employee, Defendant John Doe.

Exhibit A

**WHEREFORE,** Plaintiff prays for judgment against Defendants in an amount which is undetermined at this time, plus interest from the date of occurrence, or as provided by law, for bodily injury, medical costs, economic loss, non-economic loss, permanent impairment, costs in bringing this action, and any other relief which this Court might deem appropriate.

Respectfully submitted this 3 day of Jan, ~~2023.~~ 2024

ROBERT J. ANDERSON, P.C.

Robert J. Anderson - #10782
Attorney for Plaintiff