Exhibit G

| | |
|---|---|
| DISTRICT COURT, EL PASO COUNTY, COLORADO<br><br>Court Address:<br>El Paso County Judicial Building<br>270 South Tejon Street<br>Colorado Springs, CO  80903 | |
| Plaintiff:  LATONIA SPURLOCK<br><br>v.<br><br>Defendants:  JOHN DOE and WALMART INC. d/b/a SAM'S CLUB, a Delaware corporation licensed to do business in the State of Colorado | ▲ COURT USE ONLY ▲ |
| Attorneys for Defendant: Walmart Inc. dba Sam's Club<br>Lily E. Nierenberg, #45451<br>Shannon A. Hughes, #51454<br>Sutton \| Booker \| P.C.<br>4949 S. Syracuse St., Ste. 500<br>Denver, Colorado 80237<br>Telephone:  303-730-6204<br>Facsimile:   303-730-6208<br>E-Mail:  lnierenberg@suttonbooker.com<br>shughes@suttonbooker.com | Case Number:<br>2024CV030015<br><br>Div.:  21 |
| **DEFENDANT'S ANSWER AND JURY DEMAND** | |

Defendant, Walmart Inc. dba Sam's Club,[1] by and through its attorneys, Sutton | Booker | P.C., hereby submits the following Answer and Jury Demand:

## JURISDICTION AND VENUE

1. Upon information and belief, Defendant admits the allegations in paragraph 1 of Plaintiff's Complaint.

2. Defendant lacks sufficient knowledge and information to respond to the allegations in paragraph 2 of Plaintiff's Complaint and therefore denies them.

---

[1] Walmart Inc. has a registered trade name of "SAM'S CLUB, A DIVISION OF WAL-MART STORES, INC." As stated elsewhere in this Answer, Sam's West, Inc. was the operating entity of the store in question.

3. Defendant admits the allegations in paragraph 3 of Plaintiff's Complaint.

4. Defendant denies that Walmart Inc. is the real property owner or the operator of the subject store, affirmatively states that Sam's West, Inc. was the operating entity of the store in question and the statutory landowner pursuant to the Premises Liability Act, and denies any remaining allegations in paragraph 4 of Plaintiff's Complaint.

5. On information and belief, Defendant admits that Plaintiff is filing suit based on an incident occurring in El Paso County, Colorado, but denies liability for any such incident and any remaining allegations in paragraph 5 of Plaintiff's Complaint.

6. Defendant admits the allegations in paragraph 6 of Plaintiff's Complaint but reserves the right to remove the case to federal court.

## FIRST CAUSE OF ACTION
## Claim Under Colorado's Premises Liability Act, C.R.S § 13-21-115

7. Defendant hereby incorporates the responses set forth in paragraphs 1 through 6 as if fully set forth herein.

8. Defendant lacks sufficient knowledge and information to respond to the allegations in paragraph 8 of Plaintiff's Complaint and therefore denies them.

9. Defendant denies the allegations in paragraph 9 of Plaintiff's Complaint on the basis that Sam's West, Inc. was the operating entity of the store in question.

10. Defendant admits that an Associate emptied the trash can near one of the store entrances and placed the lid on the ground. Defendant denies the remaining allegations in paragraph 10 of Plaintiff's Complaint.

11. Defendant admits that Plaintiff tripped on the lid of the trash can as she turned to enter the store. Defendant denies the remaining allegations in paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations in paragraph 12 of Plaintiff's Complaint.

13. On information and belief, Defendant admits that the Premises Liability Act applies to claims against a statutory landowner and that Plaintiff is pleading a claim under the Act but denies liability for any such claim and any remaining allegations in paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations in paragraph 14 of Plaintiff's Complaint on the basis that Sam's West, Inc. was the operating entity of the store in question.
15. Defendant lacks sufficient knowledge and information to respond to the allegations in paragraph 15 of Plaintiff's Complaint and therefore denies them.
16. On information and belief, Defendant admits that Plaintiff could make such a claim under the Premises Liability Act but denies liability for any such claim.
17. Defendant denies the allegations in paragraph 17 of Plaintiff's Complaint.
18. Defendant denies the allegations in paragraph 18 of Plaintiff's Complaint.
19. Defendant denies the allegations in paragraph 19 of Plaintiff's Complaint.
20. Defendant denies the allegations in paragraph 20 of Plaintiff's Complaint.

**SECOND CAUSE OF ACTION**
**In the Alternative, Negligence**

21. Defendant hereby incorporates the responses set forth in paragraphs 1 through 20 as if fully set forth herein.
22. On information and belief, Defendant admits that Plaintiff is pleading an alternative legal theory but denies liability for any negligence.
23. Defendant denies the allegations in paragraph 23 of Plaintiff's Complaint on the basis that Sam's West, Inc. was the operating entity of the store in question and denies any remaining allegations in paragraph 23 of Plaintiff's Complaint.
24. Defendant denies the allegations in paragraph 24 of Plaintiff's Complaint.
25. Defendant denies the allegations in paragraph 25 of Plaintiff's Complaint.
26. Defendant denies the allegations in paragraph 26 of Plaintiff's Complaint.
27. Defendant lacks sufficient knowledge and information to respond to the allegations in paragraph 27 of Plaintiff's Complaint and therefore denies them.

**THIRD CAUSE OF ACTION**
**Respondeat Superior**

28. Defendant hereby incorporates the responses set forth in paragraphs 1 through 27 as if

fully set forth herein.

29. Upon information and belief, Defendant admits the allegations in paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations in paragraph 30 of Plaintiff's Complaint.

## GENERAL DENIAL

Defendant denies all allegations in the Complaint that have not been expressly admitted herein.

## AFFIRMATIVE DEFENSES

WHEREFORE, having fully answered, Defendant, Walmart Inc. dba Sam's Club, respectfully requests this Court dismiss Plaintiff's Complaint with prejudice and enter judgment in favor of Defendant and award Defendant its costs and expenses, and such further relief as this Court deems proper.

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2. Plaintiff may have failed to name an indispensable party.

3. The alleged injuries and damages, if any, were proximately caused by the comparative negligence of Plaintiff, precluding or reducing any recovery pursuant to C.R.S. § 13-21-111.

4. The failure to take such reasonable steps as would have mitigated or minimized the alleged injuries and damages precludes recovery on those injuries and damages.

5. Plaintiff's claims for non-economic damages are limited by the provisions of C.R.S. § 13-21-102.5.

DEFENDANT DEMANDS TRIAL TO A JURY OF SIX ON ALL ISSUES.

Respectfully submitted this 30th day of January 2024.

SUTTON | BOOKER | P.C.

*/s/ Lily E. Nierenberg*

Exhibit G

    Lily E. Nierenberg
    Shannon A. Hughes
    Sutton | Booker | P.C.
    4949 S. Syracuse St., Ste. 500
    Denver, Colorado 80237
    Telephone:  303-730-6204
    Facsimile:   303-730-6208
    E-Mail:  lnierenberg@suttonbooker.com
    shughes@suttonbooker.com
    ***Attorneys for Defendant,***
    ***Walmart Inc. dba Sam's Club***

Defendant's address:
702 SW 8th Street
Bentonville, AR 72716

## CERTIFICATE OF SERVICE

    I hereby certify that on this 30th day of January 2024, a true and correct copy of the foregoing Defendant's Answer and Jury Demand was filed and served via Colorado Courts E-Filing addressed to the following:

Robert J. Anderson
Scott F. Anderson
Timothy G. Buxton
Robert J. Anderson, P.C.
217 East Fillmore Street
Colorado Springs, Colorado 80907
*Attorneys for Plaintiff*

    */s/ Shannon A. Hughes*
    *A duly signed original is on file at*
    *Sutton | Booker | P.C.*